IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-597

| | |
|---|---|
| 3WISHES.COM, INC., | )<br>) |
| Plaintiff, | )<br>) **DEFENDANT'S ANSWER AND**|
| v. | ) **AFFIRMATIVE DEFENSES TO**<br>) **PLAINTIFF'S COMPLAINT** |
| CONTEXTLOGIC INC., d/b/a "WISH"<br>and "WISH.COM," | )<br>)<br>) |
| Defendant. | )<br>) |

Defendant, ContextLogic Inc. ("ContextLogic"), for its answer to the Complaint filed by Plaintiff, 3Wishes.com, Inc. ("Plaintiff"), and for its affirmative defenses, alleges and states as follows:

## NATURE OF THIS ACTION

1. ContextLogic admits that Plaintiff has brought an action under the Lanham Act, North Carolina statutory law and the common law. Unless specifically admitted, ContextLogic denies the allegations of paragraph 1 of the Complaint.

## PARTIES

2. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3. ContextLogic admits that it is a Delaware corporation with its principal place of business at One Sansome Street, 40th Floor, San Francisco, California. Unless specifically admitted, ContextLogic denies the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION & VENUE

4. ContextLogic admits that the court has subject matter jurisdiction over the claims asserted in this action. Unless specifically admitted, ContextLogic denies the allegations contained in paragraph 4 of the Complaint.

5. ContextLogic admits that the court has personal jurisdiction over ContextLogic. Unless specifically admitted, ContextLogic denies the allegations contained in paragraph 5 of the Complaint.

6. ContextLogic admits that venue is proper in this district but denies that the dispute would more appropriately be litigated and tried in this judicial district. Unless specifically admitted, ContextLogic denies the allegations contained in paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. ContextLogic admits that federal trademark registration No. 3,480,713 was issued on August 5, 2007, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. ContextLogic admits that it was incorporated in 2011. ContextLogic denies the remaining allegations contained in paragraph 13 of the Complaint.

14. ContextLogic admits the allegations of paragraph 14 of the Complaint.

15. ContextLogic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16. ContextLogic admits that it is the owner of U.S. Reg. Nos. 4,311,924 and 4,340,974 for the mark WISH® used in connection with the goods and services identified in those registrations. Unless specifically admitted, ContextLogic denies the allegations contained in paragraph 16 of the Complaint.

17. ContextLogic denies the allegations of paragraph 17 of the Complaint.

18. ContextLogic denies the allegations of paragraph 18 of the Complaint.

19. ContextLogic denies the allegations of paragraph 19 of the Complaint.

20. ContextLogic denies the allegations of paragraph 20 of the Complaint.

21. ContextLogic admits that the parties have engaged in settlement communications, and that the parties have not resolved the dispute raised by Plaintiff. Unless specifically admitted, ContextLogic denies the allegations contained in paragraph 21 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement)**

22. ContextLogic repleads and incorporates by reference its responses to the previous paragraphs of the Complaint.

23. ContextLogic admits that the registration date of Reg. No. 3,480,713 predates use by ContextLogic of a trademark incorporating the word "wish." Unless specifically admitted, ContextLogic denies the allegations contained in paragraph 23 of the Complaint.

24. ContextLogic denies the allegations of paragraph 24 of the Complaint.

25. ContextLogic denies the allegations of paragraph 25 of the Complaint.

26. ContextLogic denies the allegations of paragraph 26 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Federal Unfair Competition)**

27. ContextLogic repleads and incorporates by reference its responses to the previous paragraphs of the Complaint.

28. ContextLogic denies the allegations of paragraph 28 of the Complaint.

29. ContextLogic denies the allegations of paragraph 29 of the Complaint.

30. ContextLogic denies the allegations of paragraph 30 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Deceptive Acts or Practices and Unfair Competition**
**under North Carolina Law)**

31. ContextLogic repleads and incorporates by reference its responses to the previous paragraphs of the Complaint.

32. ContextLogic denies the allegations of paragraph 32 of the Complaint.

33. ContextLogic denies the allegations of paragraph 33 of the Complaint.

34. ContextLogic denies the allegations of paragraph 34 of the Complaint.

35. ContextLogic denies the allegations of paragraph 35 of the Complaint.

36. ContextLogic denies the allegations of paragraph 36 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Common Law Unfair Competition and Infringement)**

37. ContextLogic repleads and incorporates by reference its responses to the previous paragraphs of the Complaint.

38. ContextLogic denies the allegations of paragraph 38 of the Complaint.

39. ContextLogic denies the allegations of paragraph 39 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Cancellation of U.S. Trademark Registrations)**

40. ContextLogic repleads and incorporates by reference its responses to the previous paragraphs of the Complaint

41. ContextLogic admits that it owns U.S. Reg. No. 4,340,974, issued May 28, 2013, for the mark WISH® for use in connection with the goods and services identified in the registration, with a first use date as early as November 20, 2011. Unless specifically admitted, ContextLogic denies the allegations of paragraph 41 of the Complaint.

42. ContextLogic admits that it owns U.S. Reg. No. 4,311,924, issued April 2, 2013, for the mark WISH® for use in connection with the goods and services identified in the registration, with a first use date as early as November 20, 2011. Unless specifically admitted, ContextLogic denies the allegations of paragraph 42 of the Complaint.

43. ContextLogic admits the allegations of paragraph 43 of the Complaint.

44. ContextLogic admits that the provisions of 15 U.S.C. § 1119 speak for themselves. Unless specifically admitted, ContextLogic denies the allegations of paragraph 44 of the Complaint.

45. ContextLogic denies the allegations of paragraph 45 of the Complaint.

46. ContextLogic denies the allegations of paragraph 46 of the Complaint.

47. ContextLogic denies the allegations of paragraph 47 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Subject to the responses above, ContextLogic alleges and asserts the following defenses in response to the allegations set forth in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses and affirmative defenses described below, and subject to its responses above, ContextLogic specifically reserves the right to allege additional affirmative defenses that become known through the course of litigation.

1. The Complaint fails to state a claim for which relief can be granted.

2. Plaintiff is engaging in misuse of its 3WISHES.COM trademark by asserting that trademark against ContextLogic and seeking the expansive relief it seeks through its lawsuit.

3. To the extent Plaintiff has suffered any damages, such damages were not caused by ContextLogic.

4. To the extent Plaintiff has suffered any damages, such damages are barred or limited by Plaintiff's failure to timely mitigate.

5. The equitable doctrine of laches bars some or all of Plaintiff's claims and claim for damages and other relief.

6. The equitable doctrine of estoppel bars some or all of Plaintiff's claims and for damages and other relief.

**PRAYER FOR RELIEF**

ContextLogic respectfully requests that the Court:

1. Enter judgment in favor of ContextLogic and dismiss Plaintiff's claims with prejudice;

2. Award ContextLogic its attorneys' fees and costs; and

3. Award such other relief as is just and proper.


Dated: February 1, 2018

*/s/ Richard T. Matthews*
Richard T. Matthews
N.C. State Bar No. 32817
Robert C. Van Arnam
N.C. State Bar No. 28838
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
FAX: (919) 981-4300
rmatthews@williamsmullen.com
rvanarnam@williamsmullen.com
*Attorneys for Defendant ContextLogic Inc.*

Dwight D. Lueck *(Of Counsel)*
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 231-7713
Facsimile: (317) 231-7433
dlueck@btlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 1, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: William M. Bryner at wbryner@kilpatricktownsend.com and James W. Faris at jfaris@kilpatricktownsend.com, *Attorneys for Plaintiff*. Courtesy copies have been served to counsel of record for Plaintiff at the addresses listed below.

/s/ Robert Van Arnam
Williams Mullen

**KILPATRICK TOWNSEND & STOCKTON LLP**
William M. Bryner
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Fax: (336) 607-7500
E-Mail: WBryner@KilpatrickTownsend.com
North Carolina Bar No. 23022

James W. Faris
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Fax: (404) 815-6555
E-Mail: JFaris@ KilpatrickTownsend.com
(*pro hac vice* application to be filed)
*Attorneys for Plaintiff*